Filed 3/1/16  P. v. Barker CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DAVID ANTHONY BARKER, Defendant and Appellant. | F069815 (Super. Ct. Nos. MCR032919, MMH00236) **OPINION** |

### THE COURT\*

APPEAL from an order of the Superior Court of Madera County.  Mitchell C. Rigby, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

### INTRODUCTION

Appellant David Anthony Barker appeals the trial court's order dated July 22, 2014, revoking his conditional release status and ordering him returned to Patton State

---

\*Before Kane, Acting P.J., Franson, J. and Peña, J.

Hospital (Patton).  Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 2, 2008, Barker was charged in counts 1 and 2 with assaulting John Steele with a deadly weapon, violations of Penal Code[1] section 245, subdivision (a)(1). He also was charged in counts 3 and 4, respectively, with resisting a peace officer by force, a violation of section 243, subdivision (c)(2), and resisting a peace officer, a violation of section 148, subdivision (a)(1).

In September 2008, Drs. Robert Taylor and Paula Willis evaluated Barker to determine his competency to stand trial.  Both concluded Barker was competent to stand trial.

By agreement of the parties, Barker entered a not guilty and not guilty by reason of insanity plea to counts 1 and 2 on November 4, 2008, and submitted on the police reports.  The trial court found Barker guilty of both counts.  The trial court also appointed two doctors to evaluate Barker's sanity at the time the offenses were committed and scheduled a court trial on the sanity phase for December 12, 2008.

Drs. Taylor and Michael Zimmerman evaluated Barker to determine his sanity at the time of the commission of the offenses.  Both Zimmerman and Taylor concluded Barker was unable to distinguish right from wrong at the time he committed the offenses. At the sanity hearing, both parties submitted the issue on the doctors' reports, and the trial court found Barker "was not capable of knowing or understanding the nature and quality of his actions and distinguishing right from wrong at the time of commission of the offense."

The trial court referred the matter to the conditional release program (CRP) for placement.  The CRP filed its report recommending placement at Napa State Hospital and concluding Barker would not benefit from outpatient treatment at that time.  At the

---

[1]References to code sections are to the Penal Code unless otherwise specified.

January 12, 2009, hearing, both parties agreed with the placement recommendation, and the trial court ordered Barker committed to the Department of Mental Health for placement at Napa.

Immediately after the January 12 hearing, the CRP filed an amended report indicating Barker had to be committed to Patton, not Napa. At a hearing on January 29, 2009, the parties discussed the revised recommendation for placement at Patton instead of Napa. At a subsequent hearing on February 9, 2009, defense counsel requested a further continuance to discuss the revised placement recommendation with Barker. On February 10, 2009, the trial court ordered Barker committed to Patton for a period of five years.

Thereafter, the trial court received a report that Barker would benefit from outpatient treatment. The trial court revised its order to provide that Barker be placed on conditional release and receive outpatient treatment.

The status review report dated July 31, 2009, stated Barker continued to benefit from outpatient treatment.

The October 14, 2009, status review report stated Barker continued to benefit from outpatient treatment. Barker continued on conditional release for about four years, with short periods of a return to Patton and then released as an outpatient. As of October 24, 2013, Barker was at Patton. Patton was holding Barker for 90 days "to stabilize him."

On June 3, 2014, the clinician assigned to work with Barker notified the trial court that pursuant to section 1608, the CRP was seeking a hearing to revoke Barker's status as an outpatient.

Barker remained hospitalized at Patton on a temporary basis, and a hearing on revocation of his conditional release was scheduled. An evidentiary hearing on revocation of outpatient status commenced on July 18, 2014. The program clinician assigned to work with Barker while he was an outpatient testified Barker had "psychiatrically decompensated" and "wasn't safe to be in the community."

3.

Barker was sent to Patton for three months and then released when he was deemed stable. The clinician testified Barker was in and out of Patton on other occasions; she was familiar with his treatment status at Patton and was of the opinion Barker "needs more in-patient treatment at this time." The clinician stated Barker had failed to complete the intensive substance abuse treatment program in which he had been enrolled and was exhibiting "emotional instability." Barker was using multiple medications and needed to achieve stability without the medications before being "back into the community."

The clinician opined Barker had not been motivated to complete his therapy while an outpatient; he was "emotionally unstable"; and he exhibited irregular sleep patterns, leading him to become "disorganized and psychotic."

The evidentiary hearing continued on July 21, 2014. The clinician testified that while a patient at Patton, Barker's polysubstance dependence could be addressed, as well as his need for addictive drugs in order to sleep. Barker had a history of not complying with the outpatient rules. The clinician opined that Barker needed to address his emotional instability and polysubstance abuse in order to participate fully in outpatient treatment; an in-patient setting was best for addressing these issues. Barker would then be assessed and the case reviewed every six months to determine if he was eligible for release as an outpatient.

Barker did not present any evidence at the revocation hearing. Based on the evidence presented by the People, the trial court revoked Barker's status as an outpatient, ordered Barker returned to Patton, and set the matter for a six-month review hearing.

Barker filed a notice of appeal on July 30, 2014. Appellate counsel was appointed for Barker on October 9, 2014.

## DISCUSSION

Appellate counsel filed a *Wende* brief on March 30, 2015. That same day, this court issued its letter inviting Barker to submit a supplemental brief. No supplemental brief was filed.

The burden of proof on a section 1608 request to revoke a conditional release is that of preponderance of the evidence. (*People v. DeGuzman* (1995) 33 Cal.App.4th 414, 419.) Here, the evidence amply supported the trial court's revocation order. The clinician testified Barker had not been motivated to complete his therapy while an outpatient; he was "emotionally unstable"; he exhibited irregular sleep patterns, leading him to become "disorganized and psychotic"; and he had a history of not complying with the outpatient rules. The clinician opined Barker could be treated at Patton with the goal of restoring him to outpatient status. No evidence was presented by Barker to rebut the People's evidence.

After an independent review of the record, we find that no reasonably arguable factual or legal issue exists.

## DISPOSITION

The July 22, 2014, order revoking outpatient status is affirmed.